UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL COWHERD                                                              PLAINTIFF

v.                                        CIVIL ACTION NO. 3:10CV-662-S

MICHAEL J. ASTRUE                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Michael Cowherd filed this action seeking review of the final decision of the Commissioner of Social Security denying him supplemental security income ("SSI") benefits. 42 U.S.C. § 405(g). This matter is before the court for consideration of the report and recommendation of the United States Magistrate Judge that the denial of Cowherd's claim for benefits be affirmed. Cowherd filed objections to the magistrate judge's report.

Cowherd has not engaged in substantial gainful activity since February 26, 2007, the date of his application for benefits. The Administrative Law Judge ("ALJ") found that Cowherd has a number of severe impairments including glaucoma, hepatitis C, non-insulin dependent diabetes mellitus, degenerative disc disease, obesity, and bipolar disorder. He found that Cowherd does not have an impairment or combination of impairments that meets or medically equals one of the Listed Impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926). The ALJ found particularly that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform simple, routine tasks at the light exertional level involving lifting ten pounds frequently and twenty pounds occasionally, sitting six out of eight hours and standing/walking six out of eight hours as defined in 20 CFR 416.967(b) with occasional postural activities but no

climbing of ladders, ropes and scaffolds, occasional contact with coworkers and supervisors and no contact with the general public. He can perform work not requiring peripheral vision. He is to avoid work at unprotected heights, around dangerous machinery, bright lights, temperature extremes, and around fumes, odors, dusts, gases, and poor ventilation.

Administrative Record ("AR") pp. 15-20.

The magistrate judge recommended that the court affirm the decision of the ALJ. The claimant bears the burden of proving that he is disabled from working (42 U.S.C. § 423(d)(5)(A)). The magistrate judge concluded that Cowherd

(1) did not establish that his visual impairment due to glaucoma meets or equals the clinical criteria of Listings 2.03 or 2.04;

(2) did not establish that his post-treatment hepatitis C symptomology was disabling; and

(3) did not establish that his bipolar disorder was more mentally limiting than found by the ALJ.

Cowherd contends that it was the obligation of the ALJ to analyze the evidence in order to find "medical equivalence" under 20 CFR § 404.1526(b)(i)(B)(ii) which states:

(ii) We will find that your impairment is medically equivalent to that Listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria.

Cowherd states that "[m]edical evidence has been presented that at the very least raises a compelling inference that this Listing has been equaled." Objections, p. 2. He then contends that, under the authority of *Johnson v. Secretary*, 794 F.2d 1106 (6th Cir. 1986), the ALJ was required to more fully develop the factual record in order to find medical equivalence. However, the magistrate judge properly distinguished *Johnson* from the facts of this case. The court in *Johnson* relied on a case which identified a heightened duty of the ALJ to delve into the evidence and develop the issues

where the claimant is unrepresented by counsel. As Cowherd was represented by counsel at the hearing, this heightened duty clearly would not apply. There has been no suggestion that there was a failure to fulfill the ordinary duty of the ALJ to afford Cowherd a full and fair hearing. *See, Johnson, supra.* Rather, Cowherd urges that the ALJ should have reached conclusions which the medical evidence did not address. We find, as did the magistrate judge, that this point is not well taken.

The magistrate judge agreed with the ALJ's findings that Cowherd lacks medical evidence satisfying the criteria of Listings 2.03 or 2.04. Upon review, the court agrees with the magistrate judge's conclusion that evidence is wholly lacking that Cowherd meets the Listings' criteria.

The magistrate judge also agreed that Cowherd offered no medical opinion that he suffers any limitations due to hepatitis C lasting at least twelve continuous months that are incompatible with the limited range of light work in ALJ's Finding No. 4. The magistrate judge noted that as of March 2008 and September 2008, Cowherd's viral load was non-detectable. In February 2009 he reported to his doctor that he was "doing good." There is no basis for finding any disabling limitations due to hepatitis C.

Finally, as noted by the magistrate judge, the ALJ took Cowherd's limitations due to bipolar disorder as established by Dr. Gary Maryman, the consultative psychiatric examiner, into consideration and limited the range of light work Cowherd could perform to simple, routine tasks, with occasional contact with coworkers and supervisors and no contact with the general public. Cowherd contends that the ALJ should have deduced on his own from clinical data that Cowherd is unable to engage in substantial gainful activity. However, the ALJ specifically concluded that Dr. Maryman's findings were consistent with the medical records from Cowherd's treating mental

health professionals. Thus the ALJ evaluated the records, and concluded that the limitations written into the range of light work were sufficient and that Cowherd was not disabled. The court finds that nothing more was required.

Based upon the foregoing, the court will overrule Cowherd's objections and accept and adopt the report and recommendation of the magistrate judge. A separate order and judgment will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**